IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KENIN L. EDWARDS,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL ATTERBERRY, et al.,<br>    Defendants. | Case No. 4:19-cv-04109-SLD-JEH |

**Report and Recommendation**

Now before the Court are the Defendants' Motion to Dismiss (Doc. 7), the Plaintiff's Motion for Leave to File an Amendment to Plaintiff's Amended Complaint *Instanter* (Doc. 11) and the parties' respective responses. This matter has been referred for a Report and Recommendation. *See* Text Order entered 2/3/2020. The Motions are fully briefed, and for the reasons stated herein, the Court recommends the Defendants' Motion to Dismiss be granted in part and denied in part and the Plaintiff's Motion for Leave to File an Amendment be denied with prejudice in part and denied without prejudice in part.

I

On May 24, 2019, Plaintiff Kenin L. Edwards filed his Complaint for Violation of Civil Rights (Doc. 1) against: Michael Atterberry, an Illinois state court judge; Scott Butler, another Illinois state court judge; Ramon Escapa, a Schuyler County, Illinois State's Attorney; Eric Myers, a conservation police officer with the Illinois Department of Natural Resources (IDNR); Melissa Dennis, upon information and belief an employee or agent of the IDNR working within the Office of Law Enforcement; and John Heidinger, an attorney employed by the

1

IDNR. On July 2, 2019, the Plaintiff filed an Amended Complaint (Doc. 6) against all of those Defendants in their personal capacities alleging they deprived him of his constitutional rights in violation of 28 U.S.C. § 1983. He also included claims for declaratory and injunctive relief against Defendant Judge Atterberry and Defendant Dennis in their official capacities.

Specifically, he alleges[1] he was criminally charged in the Eighth Judicial Circuit of Illinois in Schuyler County with two counts of conduct which allegedly violated an administrative rule which pertains to licensees, and not agents of licensees, under the Illinois Timber Buyer's Licensing Act (TBLA), as opposed to conduct which allegedly violated a criminal or penal statute. He alleges Defendant State's Attorney Escapa filed a two-count Information in March 2016, signed by Defendant Myers as complainant, which Escapa amended twice, and thereafter Defendant Escapa, Defendant Judge Butler, and Defendant Judge Atterberry continued to preside over hearings and a trial in Schuyler County. The original Information included two counts and alleged that Edwards committed the purported offense of "unlawfully acting as a timber buying agent for multiple licensed timber buyers" in violation of Section 5 of Act 735 of Chapter 225 of the Illinois Compiled Statues of said State and Administrative Rule Section 1535.1(b). The Amended Information alleged Plaintiff committed the "offense" of "unlawfully acting as a timber buying agent for multiple licensed timber buyers" purportedly in violation of Section 10 of the TBLA, 225 ILCS 735/10. The second Amended Information included by interlineation a mental state of "knowingly" in each count and included alleged conduct that did not occur in Schuyler County.

---

[1] When ruling on a motion to dismiss, the court must take all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Indep. Truck Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). Unless otherwise stated, the facts set forth in this section are taken from the Amended Complaint (Doc. 6).

The jury instructions submitted to the jury for deliberation by Defendants Escapa and Judge Atterberry differed significantly from any charge upon which Edwards was previously arraigned or to which he pled, and the alleged violation of the administrative rule submitted to the jury by way of instructions was not, in fact, a crime. The jury returned a guilty verdict and an order was entered indicating Edwards was found guilty of Counts I and II. The Plaintiff is unaware of whether he was found guilty of Counts I and II as contained in the Amended Information or Counts I and II as they were put to the jury through jury instructions.

Edwards sought prohibition relief[2] in the Illinois Supreme Court and the proceedings in Schuyler County were stayed pending disposition of that request for relief. The Illinois Supreme Court court denied such relief and failed to address whether Schuyler County had subject matter jurisdiction on the basis that Edwards could pursue post-trial motions and, if necessary, after conviction and sentencing, pursue the normal appellate procedure. Three Illinois Supreme Court justices dissented and addressed the merits of the parties' arguments, reasoning, among other things:

> Indeed, a review of the applicable administrative rule demonstrates that Edwards has been convicted of an alleged regulatory offense that does not exist. In addition, his convictions are based on alleged conduct that does not violate the regulation relied on in the State's information.

(Doc. 6 at pg. 5 ¶ 25).

In response to a brief first received after oral argument in the Illinois Supreme Court in February 2018, Defendant Heidinger falsely asserted in an

---

[2] Under Illinois law, "A writ of prohibition lies to prevent a judge from acting where he has no jurisdiction to act or to prevent a judicial act which is beyond the scope of a judge's legitimate jurisdictional authority." *Edwards v. Atterberry*, 2019 IL 123370, ¶ 7 (quoting *Daley v. Hett*, 495 N.E.2d 513 (Ill. 1986)).

3

administrative proceeding that Edwards was found guilty of two counts of violating the TBLA even though the Amended Information in Schuyler County alleged violations of administrative regulations and the jury instructions were unrelated to any statutory offense. At all relevant times alleged in the Schuyler County proceedings, Plaintiff Edwards was an agent of a licensee under the TBLA. On April 10, 2018, Plaintiff Edwards received a document styled "NOTICE OF SUSPENSION" providing that an "Order" had been entered suspending his license under the TBLA for a period of 24 months. The Suspension letter, signed by "M. Dennis"[3] indicated Edwards was found guilty of two separate instances of violating a section of the TBLA (Section 3), the purported basis for the suspension order, that was never charged or otherwise referenced throughout the duration of trial in Schuyler County. Plaintiff Edwards successfully enjoined the IDNR from enforcing the suspension until further order of court.

The Plaintiff seeks declarations: that a violation of the provisions of the Illinois Administrative Code and TBLA cited in the Amended Information cannot sustain criminal penalties; that an Illinois circuit court lacks jurisdiction to adjudicate administrative actions other than as courts of review in reviewing administrative actions; that the charging instrument fails to sufficiently apprise the Plaintiff of the charges against him; that the jury instructions provided to the jury for deliberation did not conform to the charging instrument; that Section 3 of the TBLA was never cited or relied on in the charging instrument; that there has been no determination of guilt by a court of law or disposition, as defined in the applicable administrative rules, in the underlying Schuyler County case; that a jury verdict is not a determination of guilt by a court of law or final disposition in

---

[3] Plaintiff Edwards states, on information and belief, that "M. Dennis" is Defendant Melissa Dennis, but the identity of "M. Dennis" is pleaded in his Amended Complaint as one of the Defendants regardless of whether that person is in fact Melissa Dennis. (Doc. 6 at pg. 12 ¶ 78).

a criminal proceeding; and that Section 3 of the TBLA is inapplicable to agents under the TBLA. Finally, the Plaintiff requests a temporary restraining order or preliminary injunction be entered precluding Defendant Atterberry from conducting a sentencing hearing in the underlying case, requests an order granting a permanent injunction against Defendant Atterberry from conducting any further proceedings in the underlying case, and requests an order permanently enjoining Defendant Dennis from suspending his timber buyers license.

## II

The Defendants bring their Motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion allows a party to move to dismiss a claim for lack of subject matter jurisdiction whereas a Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Here, the Defendants seeks dismissal pursuant to Rule 12(b)(1) based upon the *Rooker-Feldman* and *Younger* abstention doctrines. They seek dismissal of the Plaintiff's Section 1983 claims pursuant to Rule 12(b)(6). Because the Defendants challenge the very propriety of the Court exercising subject matter jurisdiction over the Plaintiff's alleged Section 1983 claims at this time, the Court must first resolve that issue.

### A

#### 1

"*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "The *Younger* abstention doctrine . . . is rooted in traditional principles of equity, comity, and federalism[.]" *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). *Younger* requires federal courts to abstain from enjoining ongoing state proceedings that are: 1) judicial in nature; 2)

implicate important state interests; 3) and offer an adequate opportunity for review of constitutional claims; 4) so long as no extraordinary circumstances exist which would weigh against abstention.  *FreeEats*, 502 F.3d at 595.

The Plaintiff does not dispute that the underlying state proceedings are ongoing.  The Court takes judicial notice of the fact that the docket in Edwards' state court case, *People of the State of Illinois v. Kenin L. Edwards*, 2016CV9, indicates that a motion hearing on Edwards' post-trial motions is set for February 27, 2020.[4] The Plaintiff *does* dispute that the ongoing state proceedings are "judicial in nature."  He argues the Illinois circuit court lacked subject matter jurisdiction to conduct the proceedings against him because the Amended Information did not rely upon penal statutes or criminal offenses as required by the Illinois Code of Criminal Procedure.  The Plaintiff does not cite any authority for his proposition, and the Court has come across no cases that would support such a literal interpretation of what is contemplated by "judicial in nature."  BLACK'S LAW DICTIONARY defines "judicial" as follows:  "Of, relating to, or by the court or a judge."  BLACK'S LAW DICTIONARY (11th ed. 2019).  Here, the state proceedings of which Edwards complains initiated with the filing of an Information by an Illinois State's Attorney which contained citations to the Illinois TBLA and Illinois Administrative Code in an Illinois state court over which Illinois judges presided (and one continues to do so) and in which a jury entered a verdict.  The first *Younger* requirement is satisfied in this case – the underlying state proceedings are judicial in nature.

---

[4] "A court may take judicial notice of matters of the public record, including court records, on a motion to dismiss brought under Rule 12(b)(1), Rule 12(b)(6), or an abstention doctrine."  *Miller v. Balterman*, No. 18-cv-4353, 2018 WL 6511145, at *1 n.1 (N.D. Ill. Dec. 11, 2018) (citing *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 697 n.4 (7th Cir. 1985)) ("the official record of the parallel state case is a proper object for judicial notice").

The second *Younger* requirement is satisfied in this case as well. The very holding in *Younger* was that absent extraordinary circumstances, federal courts should abstain from enjoining ongoing state *criminal* proceedings:

> That holding rested partly on traditional principles of equity, but was based primarily on the "even more vital consideration" of comity . . . Comity refers to "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."

*Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995) (citing *Younger*, 401 U.S. at 44, 53). In this case, the Plaintiff concedes that Illinois has an important state interest in prosecuting and enforcing Illinois criminal statutes. He contends, however, that because no criminal statute was relied upon in the underlying proceedings, that important state interest is inapposite. His argument side-steps the reality of the situation; a criminal prosecution was commenced in Illinois state court with the filing of an Information, and then an Amended Information, which charged Edwards with violations of sections of the Illinois Compiled Statutes and the Illinois Administrative Code. He was then tried before a jury which returned a guilty verdict on two counts, he sought and was denied prohibition relief from the Illinois Supreme Court, and post-trial motions remain pending in the Schuyler County, Illinois trial court. His attempt to cast this case in a way that would preclude application of the *Younger* abstention doctrine must fail. The very essence of this lawsuit is such that this Court's involvement at this time would disregard the comity between the states and the federal government. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (discussing the notion of comity and explaining "[m]inimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal

constitutional rights") (emphasis in original); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (emphasizing that the "exceptional circumstances" which justify a federal court's refusal to decide a case in deference to the States exist in just three types of proceedings, one of which being ongoing state criminal prosecutions).

As for the third *Younger* requirement – that the ongoing state proceedings offer an adequate opportunity for review of constitutional claims – the Defendants argue there is no indication that Edwards will not have an adequate opportunity to support his constitutional claims in his post-trial motions, or, if unsuccessful, within the appellate procedure available to all criminal defendants. Nor does the Plaintiff argue that he cannot raise his constitutional claims in his post-trial motions or upon appeal in Illinois state court. Rather, he argues only that he cannot seek redress, as provided in Section 1983, for the civil rights violations in his underlying state court proceedings or on appeal because monetary relief is not available to him in defense of criminal charges and because his claims may become time-barred by the time the state prosecution has concluded. The Plaintiff's cited case, *Gakuba v. O'Brien*, and the precedent cited therein provide a solution to that problem: a district court should stay rather than dismiss a plaintiff's civil rights claims. 711 F.3d 751, 753 (7th Cir. 2013) (explaining stay appropriate where monetary relief not available in defense of criminal charges and where claims may become time-barred by the time state prosecution concludes); *see also Green v. Benden*, 281 F.3d 661, 667 (7th Cir. 2002) ("A stay is appropriate when a plaintiff is foreclosed from bringing his damages claims in the state proceeding").

**2**

The Plaintiff argues that extraordinary circumstances exist which would weigh against abstention in this case. Extraordinary circumstances which weigh against abstention are: when the pending state proceeding is motivated by a desire

8

to harass or is conducted in bad faith; or when the federal plaintiff demonstrates an extraordinarily pressing need for immediate equitable relief to avoid an irreparable injury. *FreeEats*, 502 F.3d at 596-97. Edwards alleges:

> The conduct alleged [within his Amended Complaint] is motivated by a desire to harass [him] and the actions have been conducted in bad faith. Additionally, the extraordinary circumstances of this case, i.e. criminal prosecution of a non-existent offense, require immediate relief to avoid irreparable injury to [him].

(Doc. 6 at pgs. 7, 9, 10, 11, 16, 17). He similarly alleges that Defendant IDNR attorney Defendant Heidinger made assertions in an administrative proceeding in bad faith and with an intent to harass the Plaintiff as "they were made with knowledge of their falsity or reckless disregard for their truthfulness," and the suspension proceedings motivated by a desire to harass him, were conducted in bad faith, and the extraordinary circumstances of this case require immediate relief to avoid irreparable injury to him. (Doc. 6 at pgs. 13 ¶ 85, 14 ¶¶ 91 and 93, 19 ¶ 129, 21 ¶ 141). In his Response to the Motion to Dismiss, the Plaintiff points to the following evidence as support for his allegations of bad faith and the intent to harass: 1) the administrative rule cited in the charging instrument and possible ways of violating same; 2) lack of criminal statute cited in the charging instrument; 3) alleged conduct of Edwards, which, according to the Defendants, violated said rule; and 4) jury instructions submitted to the jury for deliberation by Defendant Escapa and Defendant Judge Atterberry. (Doc. 10 at pg. 15).

"]I]t has been clear . . . the exceptions [to the *Younger* doctrine] provide a very narrow gate for federal intervention pending state criminal proceedings." *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993). A plaintiff must allege specific facts to support an inference of bad faith which requires "more than a mere allegation and more than a 'conclusory' finding to bring a case within the harassment exception." *Id.* at 1359 (quoting *Grando Corp. v. Rochford*, 536 F.2d 197

(7th Cir. 1976)). The specific evidence "must show the state prosecution was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights." *Id.*

Here, the Plaintiff's allegations of bad faith and harassment are nothing more than that - allegations. The additional evidence (further allegations) to which he points does not demonstrate the Schuyler County prosecution was brought in bad faith. This Court cannot say at this stage of the *federal* proceedings that the alleged errors in the state prosecution were, in fact, in violation of Illinois law and that the relevant parties knew that and proceeded to obtain a conviction anyway. To support its application of the harassment exception to *Younger* abstention, the Court would have to make such an insufficient conclusory finding. The Plaintiff simply fails to allege any facts which would suggest the Defendants had underlying reasons, beyond the mere exercise of their job duties, for taking the actions they did.

The Court similarly finds that the second exception to *Younger* abstention is not applicable in this case. For the second exception to apply, there must be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation, and the litigant will suffer great and immediate harm if the federal court does not intervene. *FreeEats*, 502 F.3d at 597. The Plaintiff's Amended Complaint merely alleges the criminal prosecution of a non-existent offense requires immediate relief to avoid irreparable injury to him and he has sustained and is immediately in danger of sustaining further injury as a result of an unlawful suspension proceeding. In his Response to the Motion to Dismiss, the Plaintiff only argues the first exception to *Younger* abstention applies in this case. As the Defendants argue in their Motion to Dismiss, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute irreparable injury. *Younger*, 401 U.S. at 46. True, the Plaintiff also

alleges that his timber buyer license was suspended based upon the case against him in Schuyler County. But he alleges further that he successfully enjoined the IDNR from enforcing the suspension until further Order of that court. (Doc. 6 at pg. 19 ¶ 127) ("[] Mr. Edwards successfully enjoined the [IDNR] from enforcing the suspension until further Order of that court . . . ."). The Plaintiff's allegations present, at most, "a highly unusual factual situation," which is not enough to amount to extraordinary circumstances "creating an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). Once again, the Plaintiff's post-trial motions remain pending in the state trial court, and from there he may appeal to the Illinois appellate court. In other words, a state remedy is available to meaningfully, timely, and adequately remedy the constitutional violations alleged in this case.

B

In light of the foregoing, the undersigned recommends that the Motion to Dismiss be granted in part as to the Plaintiff's claims for injunctive and declaratory relief pursuant to *Younger* and denied in part as to the Plaintiff's Section 1983 claims for damages. The undersigned further recommends that the Plaintiff's Section 1983 damages claims be stayed rather than dismissed pending the outcome of his state court criminal proceedings. *Gakuba*, 711 F.3d at 753; *Green*, 281 F.3d at 667. Lastly, the undersigned recommends the Motion for Leave to File an Amendment to Plaintiff's Amended Complaint *Instanter* be denied with prejudice in part and denied without prejudice in part. The Motion for Leave to File an Amendment to include an additional request for injunctive relief should be denied with prejudice as such amendment would be futile due to *Younger* abstention. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (stating leave to amend under Federal Rule of Civil Procedure 15(a)(2) may be denied where the amendment would be futile); *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869

(7th Cir. 2013) (providing an amendment may be futile "when the new pleading would not survive a motion to dismiss"). The Motion for Leave to File an Amendment to include additional Section 1983 claims[5] for damages should be denied in part with leave to renew following the lift of the recommended stay in this case.

### III

For the reasons stated *supra*, the undersigned recommends that Defendants' Motion to Dismiss (Doc. 7) be GRANTED IN PART and DENIED IN PART and the Plaintiff's Motion for Leave to File an Amendment to Plaintiff's Amended Complaint *Instanter* (Doc. 11) be DENIED WITH PREJUDICE IN PART and WITHOUT PREJUDICE IN PART. The undersigned further recommends that this case be STAYED pending resolution of the underlying state court proceedings.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on February 13, 2020.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

---

[5] The undersigned notes that in his Motion for Leave to File an Amendment, the Plaintiff alleges that the additional acts by Defendants Judge Atterberry and Escapa of which he complains and seeks to add to his Amended Complaint "potentially amount to violations of 18 U.S.C. §§ 241 and 242 when viewed collectively with the other actions complained of." (Doc. 11 at pgs. 1-2). However, "private parties may not pursue claims under federal criminal statutes." *Norman v. Campbell*, 87 F. App'x 582, 584-85 (7th Cir. 2003) (unpublished opinion) (citing *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 306 n.5 (1989)); *see also Caldwell v. Klemz*, No. 14-455, 2017 WL 4620693, at *10 (N.D. Ind. Oct. 12, 2017) (agreeing that 18 U.S.C. §§ 241 and 242 did not provide a private cause of action for civil liability).