UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KENIN L. EDWARDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-04109-SLD-JEH ) |
| MICHAEL ATTERBERRY, individually and in his official capacity, SCOTT BUTLER, RAMON ESCAPA,[1] ERIC MYERS, MELISSA DENNIS, individually and in her official capacity, and JOHN HEIDINGER, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

ORDER

Before the Court are Defendants Michael Atterberry, Scott Butler, Ramon Escapa, Eric Myers, Melissa Dennis, and John Heidinger's (collectively, "Defendants") Motion to Dismiss, ECF No. 7, Plaintiff Kenin L. Edwards's Motion for Leave to File an Amendment to Plaintiff's Amended Complaint Instanter ("Motion for Leave to File an Amendment"), ECF No. 11, and United States Magistrate Judge Jonathan Hawley's Report and Recommendation ("R&R"), ECF No. 13, which recommends that the Motion to Dismiss be granted in part and denied in part and the Motion for Leave to File an Amendment be denied with prejudice in part and denied without prejudice in part. For the reasons that follow, the R&R is ADOPTED, Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART, and Plaintiff's Motion for Leave to File an Amendment is DENIED WITH PREJUDICE IN PART and DENIED WITHOUT PREJUDICE IN PART.

---

[1] Defendant Ramon Escapa is incorrectly listed on the docket as Escapa Ramon. *See* Compl. ¶ 7, ECF No. 1. The Clerk is directed to update the docket accordingly.

1

## BACKGROUND

Edwards was charged and convicted in Illinois state court of two counts under the Timber Buyers Licensing Act ("TBLA"), 225 ILCS 735/1−16. Am. Compl. ¶¶ 17, 22, ECF No. 6. Before sentencing in that case, Edwards filed this suit against individuals involved in his criminal litigation. Edwards's claims revolve around his allegation that he was charged and convicted for "violat[ing] an administrative rule which pertains to licensees (and not agents of licensees) under the [TBLA], as opposed to conduct which allegedly violated a criminal or penal statute." *Id.* ¶ 17. He seeks damages against all Defendants under 42 U.S.C. § 1983, *see id.* ¶¶ 31−93, and declaratory and injunctive relief against Atterberry and Dennis, *see id.* ¶¶ 94−141. Defendants argue that *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from exercising jurisdiction over the ongoing state proceeding. *See* Mem. Supp. Mot. Dismiss 10−12, ECF No. 8. Edwards resists the motion, arguing that *Younger* does not mandate abstention. Resp. Mot. Dismiss 12−16, ECF No. 10.

After submitting his response, Edwards filed his Motion for Leave to File an Amendment which alleges two additional counts against Atterberry and Escapa. *See* Mot. Leave File ¶ 3. These additional counts request further damages pursuant to § 1983 against both Defendants and injunctive relief against Atterberry. *See* Proposed Additional Counts ¶¶ 142−150, Mot. Leave File Ex. A, ECF No. 11-1 at 1−2. The Motion to Dismiss and the Motion for Leave to File an Amendment were referred to Judge Hawley for a recommended disposition. Judge Hawley entered his R&R on February 13, 2020. Neither party filed objections.

## DISCUSSION

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object

2

within fourteen days of being served with a copy of the recommended disposition. *Id.* 72(b)(2). A district judge may accept, reject, or modify the findings or recommendations of the magistrate judge. *Id.* 72(b)(3). The district judge must review de novo the portions of the report to which objections are made, but reviews all other portions of the report for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Judge Hawley recommends that Defendants' Motion to Dismiss be granted in part and denied in part. He concludes that *Younger* requires the Court to abstain from considering Edwards's claims that seek declaratory and injunctive relief. R&R 11. He further recommends that the Court stay Edwards's § 1983 claims pending resolution of his criminal proceeding. *Id.*

The *Younger* doctrine "require[s] federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998).

Edwards argues that the ongoing criminal proceeding is not judicial in nature because the "circuit court lacked subject matter jurisdiction" making the "proceedings, rulings, and orders . . . void and a legal nullity." Resp. Mot. Dismiss 13. Judge Hawley finds that the possible absence of subject matter jurisdiction does not mean that an ongoing criminal proceeding is non-judicial in nature. R&R 6.

Edwards also asserts that the ongoing proceeding does not implicate an important state interest. He concedes that Illinois has an interest in enforcing its criminal statutes but posits that his proceeding does not implicate an important state interest because he was not charged pursuant to a criminal statute. Resp. Mot. Dismiss 13−14. Judge Hawley rejects this attempt to

3

recharacterize Illinois's interest and states that "[t]he very essence of this lawsuit is such that this Court's involvement at this time would disregard the comity between the states and the federal government."  R&R 7.

Edwards next argues that he cannot obtain money damages in the defense of his criminal charges and thus he is not afforded an adequate opportunity to litigate his claims for damages under § 1983 in his ongoing state proceeding.  Resp. Mot. Dismiss 14.  Judge Hawley acknowledges that there is no adequate opportunity for review of these constitutional claims, but recommends that the Court, rather than hearing the damages claims, stay them as directed by *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), pending the resolution of Edwards's state criminal proceeding.  *See* R&R 8, 11.

Finally, Edwards argues that extraordinary circumstances weigh against *Younger* abstention.  He states that "the prosecution was commenced in bad faith or in an effort to harass" him.  Resp. Mot. Dismiss 14.  As evidence, he asserts that he was charged under an administrative rule, rather than a criminal statute, and that Escapa and Atterberry submitted jury instructions that differed significantly from any charge on which Edwards was previously arraigned or to which he pled.  *Id.* at 15; *see also* Am. Compl. ¶ 21.  He also argues that he was convicted under the administrative rule for conduct not prohibited by it.  *See* Resp. Mot. Dismiss 15.  Judge Hawley finds that Edwards presents insufficient evidence of bad faith and that the Court cannot say "that the alleged errors in the state prosecution were, in fact, in violation of Illinois law and that the relevant parties knew that and proceeded to obtain a conviction anyway."  R&R 10.

For the same reasons, Judge Hawley recommends that the Court deny Edwards's Motion for Leave to File an Amendment with prejudice in part and without prejudice in part. He recommends that the "additional request for injunctive relief . . . be denied with prejudice as such amendment would be futile due to *Younger* abstention." *Id.* at 11. Meanwhile, the request to "include additional Section 1983 claims for damages should be denied in part with leave to renew following the lift of the recommended stay in this case." *Id.* at 12 (footnote omitted).

The Court finds that the R&R does not contain clear error, *see Johnson*, 170 F.3d at 739, and concurs with Judge Hawley's recommendation for the reasons set forth in his R&R, *see Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) ("If no party objects to the magistrate judge's action, the district judge may simply accept it."). The R&R is ADOPTED.

## CONCLUSION

Accordingly, the Report and Recommendation, ECF No. 13, is ADOPTED, and the Motion to Dismiss, ECF No. 7, is GRANTED IN PART AND DENIED IN PART. Edwards's claims for injunctive and declaratory relief are DISMISSED. Edwards's claims for damages pursuant to 42 U.S.C. § 1983 are STAYED pending resolution of his state criminal proceeding. Edwards's Motion for Leave to File an Amendment to Plaintiff's Amended Complaint Instanter, ECF No. 11, is DENIED WITH PREJUDICE IN PART and DENIED WITHOUT PREJUDICE IN PART. The Clerk is directed to update the docket to reflect that Ramon Escapa is the correct name for the Defendant listed on the docket as Escapa Ramon.

Entered this 24th day of March, 2020.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE